**STATE, In Re CROW, Relator, v. DULL et, Judges of Common Pleas Courts of Mercer, Fayette and Clinton Counties, Respondents.**

Ohio Appeals, Second District, Champaign County.

No. 137.    Decided May 13, 1955.

Reed M. Winegardner, Washington C. H., J. Harvey Crow, Brecksville, for relator.

D. H. Jackman, London, Richard P. Faulkner, Edwin L. English and Russell B. Holding, Urbana, for respondents.

**OPINION**

By THE COURT:

Submitted on a general demurrer of respondents to relator's peti-

tion. Relator prays for a Writ of Prohibition against the respondent judges sitting by assignment of the Chief Justice of the Supreme Court of Ohio, in Champaign County. The petition recites chronologically steps which have been taken in a disbarment proceeding pending and on trial before the respondents in Champaign County, Ohio. It is not necessary to recite many of the averments of the petition. It is sufficient to say that the material parts thereof charge that service of notice of the proceeding against relator was issued from Champaign County to Cuyahoga County, his residence, where service was made upon relator; that no personal service was made upon him in Champaign County. That the court, as constituted, does not have jurisdiction of the proceedings in the Court of Common Pleas, Champaign County, Ohio.

It further appears that relator prior to going to trial on the charge against him, filed a motion with the members of the Court challenging the jurisdiction of the court of the person of relator which motion was overruled.

Many other averments are found in the petition but they relate to orders of the court by which it is asserted relator was denied his rights as a party to the disbarment proceedings.

Relator also alleges that he "has no adequate remedy at law whereby he may contest the jurisdiction of the Court of Common Pleas in said case if said relator is forced to trial prior to an appeal of said order."

Although relator has filed no brief in this Court on the demurrer, we learn from the petition and the motion to dismiss filed with respondents that the principle contention supporting his right to the Writ prayed for is that the disbarment proceeding is a civil action, the venue of which is Cuyahoga County, his residence, and that the notice served upon him there, does not subject him to the jurisdiction of respondent Court. He relies, no doubt, upon:

Sec. 2307.39 R. C.:—"All actions other than those mentioned in §§2307.32 to 2307.38 R. C., inclusive, must be brought in the county in which the defendant resides or may be summoned, except actions against an executor, administrator, guardian, or trustee, which may be brought in the county wherein he was appointed or resides in which cases summons may issue to any county."

Both parties cite the opinion in the case of **In re Disbarment of Lieberman, 163 Oh St 35**, in which Judge Bell said, carried in the first syllabus:

"A proceeding to suspend or remove an attorney-at-law from office is strictly statutory and constitutes an action at law only, and the only appeal provided in such proceeding is one on questions of law."

Obviously, this pronouncement was made as it related to the limitation on the Court of Appeals in reviewing testimony in an appeal on questions of law as distinguished from its broader power in a de novo appeal, on questions of law and fact. We doubt if the Lieberman decision is determinative of the question as to jurisdiction raised by the relator in his motion and in this action. We express no opinion as to the merits of the claim of relator respecting the jurisdiction of respondents to hear and determine the disbarment proceedings for the reasons hereafter stated.

In cases treating of the Writ of Prohibition and when it is properly allowed two factors are generally considered. One, the jurisdiction of the court to hear and decide the cause which determination the relator seeks to prevent. Two, has relator another adequate remedy at law. Determination of the second factor is controlling of the ruling of this court on the demurrer because the Court of Common Pleas, unlike certain courts, is a court of general jurisdiction with the authority to determine the extent of that jurisdiction.

In **State ex v. Savord, 143 Oh St 453,** Judge Zimmerman says:

"Under the provisions of §1707 GC (now §4705.02 R. C.), express jurisdiction is conferred on the Court of Common Pleas to suspend or remove an attorney-at-law from office, or to take other disciplinary measures of less severity, for specified causes."

"This Court is committed to the proposition that the extraordinary Writ of Prohibition is a high prerogative Writ and is to be used only when there is no regular, ordinary and adequate remedy. It may not be invoked if the remedy of appeal is available. **Silliman v. Court of Common Pleas of Williams County, 126 Oh St 338; State ex rel Ellis v. McCabe et, Judges, 138 Oh St 417.**"

"Equally well established is the principle that in a situation where general jurisdiction of the subject matter of an action has been conferred upon the Court of Common Pleas by statute, a Writ of Prohibition will not issue denying the Court the right to determine its own jurisdiction. **State ex Cleveland Telephone Co. v. Court of Common Pleas of Cuyahoga County, 98 Oh St 164.**"

Other cases of like import are **State ex Nolan v. Clendening et, 93 Oh St 264; State ex Garrison v. Brough et, 94 Oh St 115; State ex Carmody et, v. Justice, Judge et, 114 Oh St 94; State ex Greenstein v. Clifford et, Judges, 146 Oh St 78; State ex Miller v. Court of Common Pleas of Lake County et, 151 Oh St 397** and in the Probate Court as to Probate and Testamentary matters, **State ex Barbee, Executor, v. Allen, Probate Judge et, 96 Oh St 10.**

Two recent decisions of our Supreme Court are in point upon the decisive question here, viz: The adequacy of the remedy of appeal, if relator is eventually required to adopt that procedure to test the correctness of the order of the court in overruling his motion to dismiss the proceedings in disbarment. We refer to **State ex Rhodes, Auditor, et, v. Solether, Judge, 162 Oh St 559** and **State ex City of Cleveland v. Parma Municipal Court et (2 cases) 163 Oh St 231.** The first syllabus of the former case is:

"The function of the extraordinary remedy of prohibition is to prevent inferior courts and tribunals from usurping jurisdiction beyond that with which they are vested by law, and a Writ of Prohibition will be ordered only if there is no adequate remedy in the ordinary course of the law and will not be awarded as a substitute for an appeal."

Second Syllabus:

"A defendant in an action who at the first opportunity appears only for the purpose of objecting to the jurisdiction of the court either as to subject matter or person, is not, upon the overruling of such objection, bound to rely solely upon his exception thereto but may make a full

defense in the action without waiving his objection as to jurisdiction, either in the trial court, the Court of Appeals, or the Supreme Court."

In this case it was the contention of relator that the Court sought to be prohibited from proceeding had improperly overruled a motion of relator to quash service of summons on it. In neither of the former cases did the Supreme Court consider whether the trial courts were correct in determining that they had jurisdiction. In the Parma Municipal Court cases, the court said at page 231:

"The City of Cleveland may by appeal in the actions for damages question the exercise of jurisdiction by the Parma Municipal Court, and there is no showing that the City of Cleveland will be irreparably harmed by waiting to pursue such remedy."

The relator in his petition in the instant action avers only that he has no adequate remedy at law. Inadequacy of his remedy by appeal, if required, does not appear nor is it inferable from any of the ultimate facts pleaded.

Relator has requested this court to call in another court to hear this demurrer probably because one member of the court, at least, had indicated a purpose to step aside. But the question now presented is one of law only requiring no consideration of evidence, and no member of the court is disqualified to hear and determine it. Then, too, it would be difficult upon the short notice to secure the services of another court to hear and decide this case promptly as is required because the possibility of relator maintaining his right to prohibition will abate if, and when, judgment is pronounced by the court in the proceedings to disbar him.

The demurrer to the petition will be sustained.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.